|  |  |
|---|---|
| UNITED STATES DISTRICT COURT<br>DISTRICT OF PUERTO RICO | |
| ALFREDO CASTELLANOS-BAYOUTH,<br><br>    Plaintiff,<br><br>    v.<br><br>PUERTO RICO BAR ASSOCIATION,<br>et al.,<br><br>    Defendants. | Civil No. 06-1515 (JAF) |

**O R D E R**

The Emergency Request for Reconsideration and/or for Stay, Docket Document No. 147, is **DENIED**.

The court is aware of the content of the taped meetings of the Colegio de Abogados Board of Governors (Directors), and nothing there contained constitutes privileged information or attorney-client privileged disclosure.  Obviously, the Colegio de Abogados has an inherent right to have its Board discussions kept confidential.  No Board would meet in a public place to discuss management matters in the public arena.

However, the Colegio de Abogados, as an entity that has the protection of law to require compulsory membership of all attorneys as a legal requisite to practice the legal profession, must yield and share the confidential information in the context of the judicial process to satisfy legitimate discovery concerns.

Civil No. 06-1515 (JAF)                                                                -2-

This court has taken precautions to preserve confidentiality. A strict rule as to who can hear the tapes has been set. The tapes can be heard under strict supervision by the Clerk's Office, at the Clerk's Office facilities. No duplication of the tapes has been allowed. No time to prepare a transcript has been granted. The court only has permitted a few lawyers to hear the tapes and, if they find any content relevant to their specific discovery needs, they must simply bring back to the court the recording date and time. The court will then specifically pass upon the parties' claims for or against public production. Our order clearly implies that violations not only to the letter but also to the spirit of the court's order will result in severe sanctions that may include criminal contempt charges. Public dissemination of any content, even if it does not qualify as confidential, is strictly prohibited without the court's previous endorsement.

The Colegio de Abogados faces serious charges in the pleadings in this case. These charges, if proven to be true, may be in violation of previous judicial dispositions made by federal courts in the past regarding the Colegio's activities. By the very nature of its public character, guaranteed by laws of the Commonwealth of Puerto Rico, the integrity of this Association, and the legality of its actions, can be, and must be, scrutinized when confronted with allegations of the kind made in the complaint.

This court's mission is to protect both sides to this controversy as it pertains to their legal rights and obligations. We

Civil No. 06-1515 (JAF)                                                -3-

find, based on the recorded content of the meetings, that the correct way to proceed is to allow the restricted discovery. In the last analysis, this may prove to be beneficial to the Bar Association.

In sum, we hold the Colegio de Abogados and its compulsory Bar membership to the highest standards of compliance, not only in regard to its obligations under the enabling statutes, but also under federal case law precedent directly applicable to the Association. Permitting recorded meetings to be scrutinized as part of the discovery, absent any identifiable or specific privilege which has not been pinpointed and which we do not find, is a small inconvenience compared to what is at issue here.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 12th day of October, 2006.

s/José Antonio Fusté
JOSE ANTONIO FUSTE
Chief U. S. District Judge